IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JACOB ALAN HAROUFF, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. 7:05-CV-101 (HL) |
| | : | |
| ASHLEY PAULK; MARK ELKINS; | : | |
| DWIGHT PEETE; LOWNDES | : | |
| COUNTY SHERIFF'S DEPARTMENT; | : | |
| LOWNDES COUNTY COMMISSION, | : | |
| | : | RECOMMENDATION |
| Defendants | : | |

Plaintiff **JACOB ALAN HAROUFF**, formerly a pretrial detainee at the Lowndes County Jail in Valdosta, Georgia, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the initial partial filing fee as ordered by the Court on October 7, 2005.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma pauperis* complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id***.

## IV. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Various Claims regarding his conditions of confinement

Plaintiff makes numerous allegations regarding the conditions of confinement at the Lowndes County Jail. First, plaintiff complains that on August 13, 2005 he was not permitted to eat breakfast because his cell door did not properly unlock. He complained to Officer Hess (not named as a defendant in this action), who refused to give him her name and refused to call her commanding officer. According to plaintiff Officer Wade (not named as a defendant in this action) arrived about an hour after he had missed breakfast and refused to call the commanding officer so that plaintiff could complain.

Second, Plaintiff states that on various dates he filled out request forms to have routine maintenance tasks performed on his jail cell; including fixing the sink and lighting. Plaintiff states these requests have gone unanswered and the lights in his cell remain on all of the time. Plaintiff states that this amounts to cruel and unusual punishment.

Third, plaintiff complains that there is no intercom system at the jail and this causes him "mental anguish."

Fourth, plaintiff alleges that he is caused "mental anguish" by the fact that insects and parasites abound at the Lowndes County Jail. Plaintiff does state that on September 7, 2005 he was

bitten by a spider and slept for two days.  Plaintiff alleges that, despite requests, the medical staff would not treat him for the bite.

Fifth, plaintiff states that the kitchen area of the jail has standing water on the floor at all times; the food is not handled properly; and the food trays are not properly cleaned.  Plaintiff also complains of hair, insects, and other foreign objects being found in the food.  Plaintiff states this "causes [him] undue anxiety."

Sixth, plaintiff alleges that on May 24, 2005 he was given a plastic spoon and no drinking cup.  Since that time, he has had to use that spoon and an old peanut butter jar as a drinking cup.  He states that he does not have detergent to wash these utensils.

Finally, plaintiff states that for seven days (from May 24, 2005 to May 30, 2005) he was housed in an area that had only one sink, one toilet, and one shower for over 40 men.  Due to these conditions and the added stress of  limited laundry service, mail service, and medical access, plaintiff states that he suffered from "symptoms of post traumatic stress disorder."  Plaintiff alleges that this mental stress is "dehumanizing and cruel."

The Court notes that plaintiff was a pre trial detainee at the Lowndes County Jail.  The Eleventh Circuit Court of Appeals has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir.1985).  Under the Eighth Amendment (and the due process clause), prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care.  *See Hudson v. McMillian*, 503 U.S. 1 (1992); *Hudson v. Palmer*, 468 U.S. 517 (1984).

However, the Supreme Court has made it clear that the Constitution requires neither than prisons be comfortable nor that they provide every amenity that one might find desirable. ***Rhodes v. Chapman***, 452 U.S. 337, 349 (1981). To prevail on an Eighth Amendment claim (and a due process clause), plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety. ***Farmer v. Brennan,*** 511 U.S. 825, 834 (1994).

None of plaintiff's allegations, alone or in the aggregate, are sufficiently serious enough to implicate the Constitution. Moreover, the Court notes that plaintiff has not suffered any type of physical injuries from most of the deprivations he alleges.[1] Plaintiff states that he has suffered various mental injuries–ranging from anxiety to post traumatic stress disorder. However, 42 U.S.C. § 1997e(e) provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." ***See also Siglar v. Hightower***, 112 F.3d 191, 193 (5th Cir. 1997). As plaintiff sustained no physical injuries as a result of these various actions or inactions, these claims are not actionable under 42 U.S.C. § 1983.

For these reasons, the Undersigned **RECOMMENDS** that plaintiff's claims regarding his conditions of confinement be dismissed.

---

[1] The only physical injury that plaintiff alleges is the September 7, 2005 spider bite, which plaintiff has not shown is "sufficiently serious" enough to implicate the Constitution. ***See Farmer v. Brennan***, 511 U.S. 835 (1994); ***Hawley v. Evans***, 716 F. Supp 601, 603 (N. D. Ga. 1989)(explaining that [t]o state a clam of constitutional magnitude for the denial of medical care and treatment, the plaintiff must show that the defendants were deliberately indifferent to [his] **serious** medical needs)(emphasis added).

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

B.  Various claims regarding lack of access to courts

Plaintiff makes several claims regarding his lack of access to the court.  Specifically, plaintiff states that the light in his cell remains on at all times and this "makes it difficult for [him] to provide a proper defense to [the] charges alledged (sic) by the State of Georgia."

Secont, plaintiff states that he has not been given a PIN with which to operate the telephones at the jail and this makes it difficult for him to contact this attorney.

Next, plaintiff states that he has filed numerous requests to take the deposition of a defense witness who is also being detained at the Lowndes County Jail.  Plaintiff states that this deposition is crucial and explains that he is having trouble contacting his appointed attorney regarding the deposition.

Also relating to his defense, plaintiff states that he has filed numerous requests to gain access to the law library at the Lowndes County Jail and all of these requests have gone unanswered.

Finally, plaintiff complains that he can only have one inmate request form every other Monday to request access to the law library, file grievances, request a court date, or make other administrative requests.  Plaintiff states this somehow makes him "choose between an effective defense (law library) or due process (court dates)."

There is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  In order to state a cognizable claim of denial of access to the courts, plaintiff must "demonstrate the that alleged [inadequacies] . . . hindered his efforts to pursue a legal

claim." *Id*. at 351.  Plaintiff has not shown any injury due to his alleged inability to turn off the light in his cell, use the phone, go the law library, or take a witness' deposition.  Moreover he has not shown an actual injury resulting from his ability to have only one inmate request form every other Monday.

The Court also notes that plaintiff has an attorney.  Although there is a constitutional right of access to the courts, the Supreme Court has held that the right may be met "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith*, 430 U.S. 817 (1977);  *See also Wilson v. Blankenship*, 163 F.3d 1284 (11th Cir. 1998)(explaining that plaintiff was denied access to the law library, but he failed to show actual injury regarding his criminal conviction because he was represented by an attorney).  Plaintiff's representation by an attorney is another reason why his right of access to the courts has not been infringed.

For these reasons, the Undersigned **RECOMMENDS** that plaintiff's claims regarding his lack of access to the courts be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

### C.  Lowndes County Sheriff's Department and Lowndes County Commission

Plaintiff names the Lowndes County Sheriff's Department as a defendant.  However the Lowndes County Sheriff's Department is not a legal entity subject to suit.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

For this reason, the Undersigned **RECOMMENDS** that the Lowndes County Sheriff's

Department be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

Additionally, it is unclear why, but plaintiff has named the Lowndes County Commission as a defendant. The Court can only presume plaintiff believes the Lowndes County Commission has control over the Lowndes County Jail. Any claims that plaintiff seeks to make against the Lowndes County Commission (although he actually makes no direct claims in the body of complaint or amended complaint) must be construed as claims against Lowndes County. To establish municipal liability, plaintiff is required to show that Lowndes County has a policy or custom of violating the constitutional rights of individuals and that the policy or custom is the moving force behind the constitutional violation he alleges. ***Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***Church v. City of Huntsville***, 30 F.3d 1332, 1343 (11th Cir. 1994). He must also show a direct causal link between the alleged policy and the constitutional deprivations. ***City of Canton, Ohio v. Harris***, 489 U.S. 387 (1989).

The Eleventh Circuit has held that no such causal connection exists in Georgia between the counties and sheriff's departments. ***Manders v. Lee***, 338 F.3d 1304, 1315 (11th Cir. 2003) (sheriff's authority and duty to administer the jail in his jurisdiction flows from the State, not the county); ***see also Wayne County Bd. of Comm'rs v. Warren***, 236 Ga. 150, 152, 223 S.E.2d 133 (1976) (stating a county has no liability for the violations of the civil rights of any person by a county sheriff). In addition, plaintiff has not actually named any of the Lowndes County Commissioners and has not alleged that any of them had actual knowledge of any of the wrongs alleged by plaintiff.

For this reason, the Undersigned **RECOMMENDS** that the Lowndes County Commission be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 31st day of March, 2006.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE