IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JACOB ALAN HAROUFF, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 7:05-CV-101 (HL) |
| ASHLEY PAULK; MARK ELKINS; DWIGHT PEETE; LOWNDES COUNTY SHERIFF'S DEPARTMENT; LOWNDES COUNTY COMMISSION, | : | |
| | : | ORDER |
| Defendants | : | |

Plaintiff has requested this Court to appoint counsel to assist him with his civil complaint brought pursuant to 42 U.S.C. § 1983 (R. at 3). Generally speaking, no right to counsel exists in civil rights actions. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).

Plaintiff's motion for appointment of counsel is viewed by the Court as being premature. Until such time as the Court has an opportunity to review responsive pleadings of the defendants, it cannot properly evaluate plaintiff's need for counsel in this action. Should it become apparent later on in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, *Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987), the Court will entertain this motion again at the appropriate time.

Accordingly, at this time plaintiff's motion for appointment of legal counsel is **DENIED**.

**SO ORDERED**, this 31st day of March, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE